11-68-ag
Zhang v. Holder

BIA
Abrams, IJ
A088 777 150

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of April, two thousand twelve.

PRESENT:
>       RALPH K. WINTER,
>       JOSEPH M. McLAUGHLIN,
>       REENA RAGGI,
>           *Circuit Judges.*

_____

YUHUA ZHANG,
>       *Petitioner,*

>       v.                                    11-68-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:            Matthew J. Harris, Law Office of
                           Theodore M. Davis, Long Island City,
                           New York.

FOR RESPONDENT:            Tony West, Assistant Attorney
                           General; Terri Scadron, Assistant
                           Director; Kathryn L. DeAngelis,
                           Trial Attorney, Office of
                           Immigration Litigation, United
                           States Department of Justice,
                           Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Yuhua Zhang, a native and citizen of the People's Republic of China, seeks review of a December 22, 2010, decision of the BIA affirming the January 28, 2009, decision of Immigration Judge ("IJ") Steven R. Abrams, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yuhua Zhang*, No. A088 777 150 (B.I.A. Dec. 22, 2010), *aff'g* No. A088 777 150 (Immig. Ct. N.Y. City Jan. 28, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the

2

circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. In this case, the agency reasonably based its adverse credibility determination on the inconsistencies between Zhang's testimony and her asylum application and corroborating evidence, as well as Zhang's evasive answers to questions.

The agency identified numerous inconsistencies between Zhang's testimony and her supporting evidence, including how long she had been pregnant when she was subjected to a forced abortion, how it was discovered she was pregnant, what occurred during the abortion procedure, when Zhang returned to work after the abortion, whether she was inserted with an intrauterine device after the abortion, and

3

who paid the resulting fine.  The agency also noted significant inconsistencies between the testimony of Zhang's corroborating witness, Li Jin Ja, and Zhang's testimony and documentary evidence.  In finding Zhang not credible, the agency reasonably relied on these inconsistencies, and on the cumulative effect of the inconsistencies to support the adverse credibility finding.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Indeed, "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, . . . the cumulative effect may nevertheless be deemed consequential by the fact-finder."  *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (internal quotation marks omitted); *see also Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106-107 (2d Cir. 2006).  Moreover, the IJ provided Zhang with multiple opportunities to reconcile or clarify her testimony and she failed to present reasonable explanations for the discrepancies.  *See Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir. 2006); *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).  Thus, in this case, the totality of the circumstances supports the agency's adverse credibility

determination, and we must defer to that finding.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Moreover, because the only evidence of a threat to Zhang's life or freedom, or that she was likely to be tortured, depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5